IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-09-319**
:
**v.** :
:
**SEAN N. HEALY** :

**M E M O R A N D U M**

**I.**     **Background**

On October 9, 2009, the defendant, Sean N. Healy ("Healy") was indicted in a 55-count indictment which charged him with wire fraud, mail fraud, unlawful monetary transactions, money laundering, obstruction of justice and forfeiture. Pursuant to a plea agreement, Healy pled guilty on November 23, 2009 to Count 2 – wire fraud, Count 16 – wire fraud, and Count 24 – unlawful monetary transactions. Healy was sentenced on March 31, 2010 to a term of imprisonment of 188 months, restitution in the amount of $16,773,965.00, three years on supervised release and a $300 assessment. Healy filed an appeal of his sentence to the Third Circuit Court of Appeals. His direct appeal challenged the enhancement for obstruction of justice, the denial of acceptance of responsibility, and the alleged failure of this court to consider his history and characteristics – particularly his physical condition and ailments. The court of appeals affirmed the sentence. *United States v. Healy*, 451 Fed. Appx. 192 (3d Cir. 2011).

On December 3, 2012, Healy filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 63) in which he alleges deficient representation of his retained counsel, Thomas Marino. On February 7, 2013, the Government filed a response to the motion (Doc. 71). By letter dated February 26, 2013 (Doc. 72), Healy requested an extension of time to file a reply brief. By order dated March 5, 2013 (Doc. 73),

Healy was given until March 11, 2013 to file a reply brief. As of this date, no reply brief has been filed nor has a request for an extension of time been received. Therefore, the court will address the motion based on the record as of this date. For the reasons discussed below, the motion will be denied.

**II.       Discussion**

   **A. Standard**

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. First, the petitioner must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691 (1984). The first prong requires the petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong of *Strickland* requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant a fair trial, a trial whose result is liable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mannio*, 212 F.3d 835, 840 (3d Cir. 2000).

Healy did not go to trial; he pled guilty pursuant to a plea agreement. A defendant has a right to effective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). *See also Premo v. Moore*, ___ U.S. ___, 131 S.

2

Ct. 733, 741 (2011). With these precepts in mind, Healy's claims will be addressed.

### B. Claims of Ineffective Assistance of Counsel

Healy claims his counsel, Thomas Marino, was incompetent because (1) counsel had conflicts of interest which affected his performance in this case; (2) counsel failed to challenge the Government's breach of the plea agreement; (3) counsel failed to challenge various enhancements under the sentencing guidelines; (4) counsel gave erroneous advice regarding the proposed plea agreement; (5) counsel failed to advise the court at sentencing as to medical problems and background; and (6) counsel failed to raise a claim of prosecutorial misconduct.

1. Conflicts of Interest Affected Performance

Healy alleges that certain conflicts of interest caused counsel to provide deficient performance and adversely affected counsel's judgment. These alleged conflicts are (a) that Marino represented Healy while he was being investigated by the Office of the United States Attorney for the Middle District of Pennsylvania while that office was prosecuting Healy; (b) Marino was running for a federal public office during his representation of Healy; (c) Marino was United States Attorney for the Middle District of Pennsylvania when an investigation commenced against him and caused him to resign as United States Attorney; and (d) Marino was employed by Louis DeNaples during the period of time he represented Healy.

As a general matter, it is clearly established federal law that the Sixth Amendment right to counsel is the right to effective counsel. *See Strickland v. Washington*, 466 U.S. at 686. It is also clearly established that the right to effective counsel includes the right to representation that is free from conflicts of interest. *See Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980) (holding that a mere potential

conflict of interest is insufficient to taint a criminal conviction). The Third Circuit has made clear that the Sixth Amendment guarantee of effective assistance of counsel includes two correlative rights: "the right to adequate representation by an attorney of reasonable competence, and the right to the attorney's undivided loyalty free of conflict of interest. *United States v. Moscony*, 927 F.2d 742, 748 (3d Cir. 1991) (citations omitted).

In order to establish a conflict of interest claim, a defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance," and an adverse effect cannot be presumed solely from the existence of a conflict of interest. *See Mickens v. Taylor*, 535 U.S. 162, 170-75 (2002). The court has held that the conflict must cause some lapse in representation contrary to the defendant's interests but such lapse need not rise to the level of actual prejudice. *Cuyler*, 446 U.S. at 349; *Bailey v. Redman*, 657 F.2d 21, 23, 24 (3d Cir. 1981). However, the Third Circuit has cautioned that "overemphasis on the presumption of prejudice cannot operate to obviate the requisite obligation to demonstrate the existence of an actual conflict." *United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988).

An actual conflict of interest "is evidenced if, during the course of the representation, the defendants' interests diverge with respect to a material factual or legal issue or to a course of action." *Gambino,* 864 F.2d at 1070 (citing *Sullivan v. Cuyler*, 723 F.2d at 1086). The *Gambino* court further held:

> In order to establish an actual conflict the petitioner must show two elements. First, he must demonstrate that some plausible alternative defense strategy or tactic might have been pursued. He need not show that the defense would necessarily have been successful if it had been used, but that it possessed sufficient substance to be a viable alternative. Second, he must establish that the alternative

> defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.

*Gambino*, 864 F.2d at 1070 (citing *United States v. Fahey*, 769 F.2d 829, 836 (1st Cir. 1985)).

Marino was the United States Attorney for the Middle District of Pennsylvania from 2002 until October of 2007. Marino resigned from office in October 2007 after an internal investigation was initiated.[1] The investigation was terminated after Marino resigned from office. Marino did not represent Healy during this time period. No conflict could have existed.

Marino represented DeNaples from 2007 until he ran for Congress in 2010. Marino did represent both DeNaples and Healy from 2009 until April 7, 2010, when Marino was permitted to withdraw from the Healy case following the sentencing proceeding. Dual representation, however, does not create a conflict of interest. Healy alleges that as a result of Marino's representation of DeNaples, Marino provided deficient performance as to Healy. He sets forth twenty areas of alleged deficient performance. This court will only address those areas that have been briefed.

2. Failure to Challenge Government's Breach of Plea Agreement

Healy claims there was a breach of the plea agreement by the government because his sentence was enhanced by five offense levels. He received a two-point enhancement for obstruction of justice and did not receive a three-point reduction for acceptance of responsibility. Healy was advised at the change of plea

---

[1] Information on Marino's work history was obtained from the following websites: Birkbeck, Matt, *The Morning Call*, <u>Source: Marino Resigned While Under Review</u>, October 1, 2010 retrieved March 27, 2013, from http://articles.mcall.com/2010-10-01/news/mc-marino-investigation-20101001 and Tom Marino (2013, March 23) in *Wikipedia, The Free Encyclopedia*. Retrieved 18:22, March 27, 2013, from http://en.wikipedia.org/w/index.php?title=Tom_Marino&oldid=546636683.

proceeding that any recommendations by the government were not binding on this court. In fact, the plea agreement contains the following: "The defendant understands that none of these recommendations is binding upon either the Court or the U.S. Probation Office, which may make a different finding as to the application of the United States Sentencing Commission Guidelines to the defendant's conduct." (Doc. 21, ¶ 12, p. 10.)

These issues were addressed on direct appeal. The Third Circuit Court of Appeals found that the application of the obstruction of justice enhancement was proper. *United States v. Healy*, 451 Fed. Appx. at 195. The Third Circuit also found that the denial of credit for acceptance of responsibility was appropriate. *Id.* There was no breach of the plea agreement as to these two issues. The only affirmative duty imposed on the government under the plea agreement was to recommend a sentence of 121 months. (Doc. 21, ¶ 12.) The government made this recommendation at sentencing. (Doc. 54 at p. 21.)

3. Failure to Challenge Sentencing Guideline Enhancements

a. Sophisticated Means Enhancement

Healy claims there was nothing sophisticated about his criminal conduct and Marino should have challenged that enhancement. As the government notes, the Ponze scheme lasted for over six years, defrauded numerous investors of over $16 million, used fictitious identities and entities and email addresses; and used false bank accounts and false brokerage statements. (Doc. 71 at p. 19.)

United States Sentencing Guideline § 2B1.1 App. Note 8 (B) defines "sophisticated means" as follows:

> For purposes of sub section (b)(9)(C), "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of the offense . . . . Conduct such as hiding assets or

>transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

The above actions, as more specifically expanded in paragraphs 6 through 16 of the Presentence Report, clearly support the enhancement. Marino was not incompetent for failing to object to this enhancement.

### b. Fifty or More Victims Enhancement

Healy claims that only forty-eight victims were involved. (Presentence Report, ¶ 18.) However, at paragraph 86 of the Presentence Report, fifty-one victims are accounted for. Three of the victims claim losses jointly with other victims. The victim loss chart shows David Dickson and Robert Hunt; Virginia and Ed Presnell; and Richard C. Wagner and John A. Jarboe suffered joint losses. (Presentence Report at pp. 17-18.) This claim is without merit. Counsel was not deficient for not raising this issue.

### c. Failure to Challenge Money Laundering Enhancement

Healy claims the money laundering enhancement is duplicative of the money laundering count to which he pled guilty and should have been challenged by counsel. This court interprets Healy's claim that he should not have been given this enhancement under USSG § 2S1.1(b)(2)(A) because he pled to 18 U.S.C. § 1957. This enhancement appears to be a mechanical application imposed under the guideline which this court, absent case law opposing such application, is required to apply. Counsel would have been unsuccessful in arguing against this enhancement and was therefore not deficient.

4. Erroneous Advice as to Potential Sentence

Healy claims Marino advised him before he entered his guilty pleas that his sentence would not exceed 120 months and, therefore, his plea was entered on erroneous information and was not knowingly and intelligently entered. At the plea hearing, Healy was advised of the maximum potential sentence he could receive. He was also advised that if anyone estimated the guideline range that differed from this court's determination of the range, he could not withdraw his guilty plea. (Doc. 71-1, pp. 6, 10, 12-13.) He was also advised that any recommendation by the government was not binding on this court. (*Id.* at p. 11.) At the change of plea hearing, Healy was also asked if anyone had promised him what his sentence would be. He replied in the negative. (*Id.* at p. 10.)

Healy was aware at the change of plea hearing that he faced a maximum term of imprisonment of fifty years. Failure of counsel to advise a defendant of enhancements or upward departure does not constitute ineffective assistance of counsel. *United States v. Shedrick*, 493 F.3d 292 (3d Cir. 2007). Therefore, this claim is without merit.

5. Failure to Present to Court Various Medical Problems

Healy claims that counsel failed to present to the court for its consideration at sentencing Healy's various medical problems. This court was aware of Healy's physical condition, his mental and emotional health problems, and his substance abuse. (Presentence Report at ¶¶ 45-52.) Furthermore, Marino hired a psychologist who made a report that was submitted to the court and was referenced by Marino at sentencing. The fact that this court did not accept these factors to lower Healy's sentence does not support a finding of incompetency.

6. Violation of *Brady* and *Giglio*

Healy alleges that counsel was ineffective in failing to challenge the government for prosecutorial misconduct by violating his due process rights under *Brady v. Maryland*, 573 U.S. 83 (1963) and *United States v. Giglio*, 544 U.S. 917 (2005). He claims the exculpatory information consists of the failure to inform him of (1) Marino's former work as United States Attorney for the Middle District of Pennsylvania; (2) his work as a law clerk for this court; (3) that Marino was under investigation by the United States Attorney's Office; and (4) Marino's alleged assurances that his connections with the United States Attorney's Office would get Healy the best deal. (Doc. 63 at p. 26.)

This court questions whether any of the alleged information constitutes *Brady* material. The Supreme Court has held that "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment . . . . *Brady v. Maryland*, 373 U.S. 83, 87 (1963). These disclosure obligations, however, ensure that a defendant is not "deprive[d] of a fair *trial*." *United States v. Bagley*, 473 U.S. 667, 675 (1985) (emphasis added). In the context of a guilty plea, a defendant waives his right to a jury trial as well as the accompanying constitutional guarantees. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Thus, the courts have found that the same *Brady* obligations that normally apply in the context of a trial do not apply in the context of a guilty plea agreement. *United States v. Ruiz*, 536 U.S. 622 (2002) ("the Constitution does *not* require the Government to disclose material impeachment evidence prior to entering a guilty plea agreement with a criminal defendant.") (emphasis added).

Healy is not entitled to *Brady* materials for a guilty plea. *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000) ("Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.") The First Circuit has summarized the law in this regard as follows:

> The animating principle of *Brady* is the "avoidance of an unfair trial." . . . It is, therefore, universally acknowledged that the right memorialized in *Brady* is a trial right. The core question is whether, despite the suppressed evidence, the accused "received a fair trial, understood as a trial resulting in a verdict worthy of confidence" . . . In urging us to extend *Brady's* prejudice component to pretrial plea negotiations, the defendant exhorts us to break new ground. He does not cite a single case standing for this novel approach but, rather, relies on authority extolling the importance of plea negotiations. . . . Although we recognize that plea negotiations are important, that fact provides no support for an unprecedented expansion of *Brady*.

*United States v. Mathur*, 624 F.3d 498, 506-07 (1st Cir. 2010) (citations omitted).

In any event, Healy's claims are unfounded. Healy knew that Marino was a former United States Attorney by the fact that Healy alleges that Marino thought he could get Healy a good deal as a result of his former position with the United States Attorney's Office. This court acknowledges that Marino served as a summer intern in this office while a law student. Why Healy believes this information was relevant and material to his guilt or innocence is not explained.

As to the internal investigation of Marino, this issue was explained earlier in this memorandum under the section dealing with the allegation of conflict of interest, was found to be without merit, and will not be revisited here.

**III.       Conclusion**

For the foregoing reasons, this court finds that counsel was not ineffective and will deny the petition. Furthermore, since the record of this case conclusively shows that Healy is not entitled to relief, no counsel will be appointed and no hearing is required. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: March 28, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-09-319**
:
**v.** :
:
**SEAN N. HEALY** :

## **O R D E R**

AND NOW, this     day of March, 2013, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to 28 U.S.C. § 2255 (Doc. 63) is **DENIED**. This court declines to issue a certificate of appealability.

                                                                     s/Sylvia H. Rambo
                                                                United States District Judge

Dated: March 28, 2013.