IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:CR-09-319
:
**v.** :
:
**SEAN N. HEALY** :

# MEMORANDUM

## I. Background

By order of March 28, 2013 (Doc. 75), this court denied Defendant Sean Healy's motion filed pursuant to 28 U.S.C. § 2255 (Doc. 63). By order dated April 10, 2013 (Doc. 78), this court deemed Healy's reply brief to the government's response to his § 2255 motion, filed April 5, 2013[1] (Doc. 76), as timely and granted reconsideration of the March 28, 2013 memorandum and order.

## II. Discussion

In Healy's reply brief, he addresses the issue of alleged incompetency based on a claim of conflict of interest of his trial counsel, Thomas Marino. Healy sets forth a "History of Thomas Marino" that begins in 1992 and covers a time period up to February 2012. (Doc. 76 at pp. 13-18.) Healy concedes by this career history that

> Thomas Marino has been lying to everyone his whole
> career from District Attorney to US Attorney working as a
> full time lawyer for Louis Denaples and even as a

---

[1] Healy's reply brief was postmarked February 28, 2013 and was received in the Harrisburg post office on March 2, 2013. The document was not received by the court until April 5, 2013.

> Congressman. Why wouldn't he stop lying to Mr. Healy either. Anytime counsel Marino could or would do better or further his own interests which are usually career or financially motivated. This is why Thomas Marino has such conflicts of interest. He never had the time to devote to Mr. Healy for this criminal case.

(*Id*. at p. 18.) In all of his twenty-year career history, Mr. Marino represented Healy from October 2009 to March 2010. Healy claims that such conflict resulted in deficient performance in twenty areas.

In this court's memorandum dated March 28, 2013 (Doc. 75), the court only addressed those areas that were briefed by Healy in his supporting brief (Doc. 63). In Healy's reply brief (Doc. 76), he claims that because it appears the government did not oppose fourteen alleged failures of counsel, that the government has conceded deficient performance of counsel. The government and this court addressed the claims made by Healy that were fully briefed. Issues raised anew in a reply brief are inappropriate if they could have been raised in the initial pleading. In addition, issues not briefed are deemed waived. Where a party makes no more than a single mention of the claim, the claim is consequently waived. *National RR Passenger Corp v. Pennsylvania Pub. Utility Comm'n*, 342 F.3d 242 (3d Cir. 2003) (holding that where a party failed to adequately brief an issue, it consequently waived that claim). An issue is waived if not raised in a party's opening brief. *Warren G. v. Cumberland County Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999).

The issues raised in Healy's reply under "New Discovery," items A through N are issues that could have been raised in the initial motion. (Doc. 76 at p. 20).

Items O through J involve victims Madeira and Ahrens. (*Id*. at p. 21.) The involvement between Healy and Ahrens and Madeira were fully set forth in the

presentence report at paragraphs 11, 12 and 13. Healy's allegations that counsel should have done something as to these claims could have been set forth in the initial motion and brief.

Items K through N are not newly discovered evidence and, in fact, item N is repetitious of an allegation of conflict of interest already addressed by this court in its memorandum of March 28, 2013 (Doc. 75).

Healy claims that the victims of his Ponzi scheme, Randall Wagner, John Jarboe, Larry Hatter, James Green, Keith Hostler, Angela Hickey, Mark Randall, and Neil Barr, were, in fact, victims of Ahrens and Madeira, not victims of his scheme. The interplay between Healy and Ahrens and Madeira are set forth in the presentence report at ¶¶ 11, 12 and 13.

The interplay between Healy and Ahrens is further highlighted in the law suit filed by Minnesota Lawyers Mutual Insurance Company against Thomas Ahrens and the Ahrens Law Firm Cumberland County, Pennsylvania, which asserted professional liability claims. *See Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, No. 1:09-CV-1661, Doc. 28-4 (M.D. Pa.). Paragraphs 4 and 5 of that document state:

> 4. In each case, Defendants solicited funds from Plaintiffs for "loans" or for alleged "investments" in gold futures and other commodities with Pennsylvania resident Alfred Madeira and Florida residents Sean Healy ("Mr. Healy") and Shalese Healy ("Mrs. Healy").
>
> 5. Rather than invest the approximately $15,000,000 provided to them, Mr. Healy and Mrs. Healy paid off prior investors of their Ponzi scheme, purchased an expensive mansion, exotic automobiles and jewelry, took extravagant vacations on private jets and lived an opulent lifestyle.

*Id.* These two paragraphs, combined with paragraphs 11, 12, and 13 of the presentence report, clearly show that these parties were victims of Healy. This issue is without merit.[2]

**III.**     **Conclusion**

This court finds that Healy's reply brief does not alter the March 28, 2013 memorandum and order of this court. An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: April 15, 2013.

---

[2] This issue is not based on newly discovered evidence. The Cumberland County, Pennsylvania case was filed September 3, 2009. The two declaratory judgment proceedings related to the Cumberland County, Pennsylvania, case were filed on May 18 and October 8, 2010 in the United States District Court for the Middle District of Pennsylvania and were affirmed June 23, 2011. Healy was sentenced on March 31, 2010. He filed his habeas petition on December 3, 2012. It appears that this information was readily available and could have been raised in the initial § 2255 motion. Thus, the court doubts its classification as "newly discovered evidence."

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-09-319**
:
**v.** :
:
**SEAN N. HEALY** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** this court affirms its memorandum and order dated March 28, 2013 (Doc. 75).

                                      s/Sylvia H. Rambo
                                      United States District Judge

Dated: April 15, 2013.