IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:09-CR-319** |
| **v.** | : | |
| **SEAN N. HEALY** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is a motion filed pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from a final judgment "based on circumstances that amount to fraud, mistake and newly discovered evidence." (Doc. 116.) This court will review the petition initially pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings to determine if the moving party is entitled to relief. For the reasons that follow, the motion will be dismissed, with prejudice.

### **I.  Background**

On October 9, 2009, the defendant, Sean Healy ("Healy") was indicted in a 55-count indictment which charged him with wire fraud, mail fraud, unlawful monetary transactions, money laundering, obstruction of justice and forfeiture. Pursuant to a plea agreement, Healy pled guilty on November 23, 2009 to Count 2 – wire fraud, Count 16 – wire fraud, and Count 24 – unlawful monetary transactions. Healy was sentenced on March 31, 2010 to a term of imprisonment of 188 months, restitution in the amount of $16,773,965.00, three years of supervised

release, and a $300 assessment. Healy filed an appeal of his sentence to the Third Circuit Court of Appeals. His direct appeal challenged the enhancement for obstruction of justice, the denial of acceptance of responsibility, and the alleged failure of this court to consider his history and characteristics—particularly his physical condition and ailments. The Court of Appeals affirmed the sentence. *United States v. Healy*, 451 F. App'x 192 (3d Cir. 2011).

On December 3, 2012, Healy filed a motion to vacate pursuant to U.S.C. § 2255 (Doc. 63) in which he alleged deficient representation of his retained counsel, Thomas Marino. By order and memorandum of March 28, 2013, this court denied the motion (Doc. 75), and on August 29, 2013, the Court of Appeals denied Healy's request for a certificate of appealability (Doc. 84). On October 21, 2013, Healy filed a motion pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 86), which the court denied by memorandum and order on October 24, 2013 (Docs. 87 & 88).

In the instant motion, Healy is challenging his sentence and conviction. He argues that both his counsel and this court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. Specifically, he alleges that counsel and the court should have been made aware that, at the time of his guilty plea, he had a drug addiction and other psychological problems that made his plea involuntary. In addition, he argues that the prosecutor did not adequately set forth the facts of the

2

crime and that he was not adequately advised of his procedural rights. He claims that his counsel was ineffective for not raising these issues at the plea proceedings.

## II. Discussion

### a. Incompetency of Counsel

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge his or her conviction. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002). An exception to this is where a petitioner demonstrates that some limitation of scope or procedure would prevent the adequate adjudication of his or her claims – not merely because the petitioner is unable to meet the gatekeeping requirements of § 2255. *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997).

Healy is probably aware that the time limitation for bringing a § 2255 proceeding or for seeking a certificate of appealability to file a successive habeas petition has passed. Legislative limitations placed on § 2255, such as the statute of limitations, do not render the remedy inadequate or ineffective. *In re Dorsainvil*, 119 F.3d at 251. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

In *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004), the Third Circuit held that when the Rule 60(b) motion seeks to collaterally attack the petitioner's

3

underlying conviction, the motion should be treated as a successive habeas petition. Healy's allegations against his counsel are an attack on his conviction and should have been brought under § 2255. Absent a grant from the Court of Appeals to file a second or successive § 2255 petition, the court is without jurisdiction to entertain his allegations of incompetency of counsel.

### b. Error of the District Court

The errors alleged to have been committed by this court are 1) that the court did not consider Healy's state of mind when accepting his plea; 2) that the court did not have the prosecutor adequately state Healy's involvement in the charges; and 3) that the court did not adequately advise Healy of his procedural rights. (Doc. 116, pp. 2-3.)

The proper procedure for attacking the court's alleged errors is provided in Rules 3 and 4(b)(1)(A) of the Federal Rules of Appellate Procedure. In his direct appeal, Healy only raised objections to the sentence imposed and did not raise any objections to procedural issues. *See Healy*, 452 F. App'x 192. The issues he now raises in his Rule 60(b) motion could have been brought on appeal and are therefore not properly before the court as there is no new evidence or evidence of fraud on the court. Furthermore, the record reflects that, at the plea proceeding, 1) Healy stated that he was not under the influence of any drugs or alcohol or undergoing any psychological counseling, and that he understood the nature of the

proceedings before him (Doc. 33, pp. 3-4); 2) the prosecutor adequately set forth the facts in support of the charges (*see id.*, pp. 15-21); 3) and Healy was properly advised of his procedural rights (*see id.* at pp. 3-5.) Because Healy filed no objections to these issues at sentencing or in his direct appeal, these issues are waived.

### III. Conclusion

The court will dismiss the claims as to the incompetency of counsel as this court is without jurisdiction to entertain them. The claims against this court are dismissed as being forfeited and/or untimely.

An appropriate order will issue.

                                                      s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated: December 12, 2017